OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

GOOD BUSINESS OR NO BUSINESS
LLC and all those similarly situated,
  Plaintiffs,

v.

CITY OF DETROIT,
  Defendant
_____/

Case No.: 25-cv-10308
Honorable _____

**COMPLAINT**
**JURY DEMANDED**
**\*\*CLASS ACTION\*\***

### COMPLAINT

NOW COMES Plaintiff GOOD BUSINESS OR NO BUSINESS LLC, both individually and as proposed class representative on behalf of all those similarly situated, through counsel, and complains as follows:

### INTRODUCTION

1. The Takings Clause protects the time value of money (as property) just as much as it does property rights themselves.

2. Defendant CITY OF DETROIT is a voluntary participant in a common government-defined program known as the Fire Insurance Withholding ("FIW") Program, which seizes and then escrows up to twenty-five percent (25%), with some caps in certain circumstances, of insurance settlement proceeds resulting from fire and certain others losses as to real property.

1

3. Despite taking private property, Defendant CITY OF DETROIT also does not pay the time value of money during that period when those seized insurance policy proceeds are or were escrowed.

4. These uncompensated takings violate the Fifth Amendment to the United States Constitution and the state constitutional equivalent in Michigan.

**PARTIES**

5. Plaintiff GOOD BUSINESS OR NO BUSINESS LLC is a Michigan limited liability company who is the owner of seized insurance policy proceeds resulting from a fire at 950 Mount Vernon in Detroit, Michigan.

6. Defendant CITY OF DETROIT is a municipal entity formed under the laws of the State of Michigan.

**JURISDICTION**

7. This is a civil action brought inter alia pursuant to 42 U.S.C. § 1983 seeking certain relief together with monetary damages against Defendant for violations of the Fifth Amendment of the United States Constitution and Article X, Section 2 of the Michigan Constitution.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 1367, which authorizes federal courts to adjudicate supplemental state-law claims; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

## GENERAL ALLEGATIONS

9. On November 13, 2024, a fire occurred at 950 Mount Vernon within the City of Detroit, Michigan, a property owned by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC.

10. Defendant CITY OF DETROIT purports to be a voluntary participant in the Michigan Fire Insurance Withholding (FIW) Program, created and operated under the Michigan Insurance Code.

11. According to FIW Program documentation municipalities are authorized to command Michigan licensed insurance companies to seize twenty-five percent (25%) of the payout or settlement of insurance proceeds to be involuntarily deposited in government bank accounts when losses to real property caused by fire happen. For residential property, the seized amount shall not exceed a set limit that is adjusted annually in accordance with the consumer price index.

12. After the November 13, 2024 fire, Defendant CITY OF DETROIT legally demanded, effectuated, and/or required that the licensed Michigan

3

insurance company who provided fire insurance coverage for Plaintiff GOOD BUSINESS OR NO BUSINESS LLC's property 950 Mount Vernon to seize a portion of the insurance policy proceeds in the amount of $24,000 and such monies are to be sent (and on information and belief were sent) to Defendant CITY OF DETROIT.

13. The insurance company complied with Defendant CITY OF DETROIT's demand and seized $24,000 of seized insurance policy proceeds belonging to Plaintiff GOOD BUSINESS OR NO BUSINESS LLC without its permission or blessing.

14. Under the FIW Program, the treasurer of the CITY OF DETROIT is supposed to (and, on information and belief, did) record the information of receipt of said funds and the date of receipt of the seized insurance policy proceeds, and immediately deposited the seized insurance policy proceeds in a trust or escrow account established in furtherance of the FIW Program; discovery will confirm these details.

15. As of current, Defendant CITY OF DETROIT has and/or had actual or constructive possession and control of Plaintiff GOOD BUSINESS OR NO BUSINESS LLC's portion of fire insurance proceeds consisting of $24,000.

16. Plaintiff GOOD BUSINESS OR NO BUSINESS LLC has been denied the ability to use its full insurance policy proceeds towards the fire-damaged property at 950 Mount Vernon.

17. Moreover, Defendant CITY OF DETROIT has not and will not pay the time value of monies of previously seized.

## *MONELL* POLICY

18. The actions described herein are a voluntary policy and/or practice of Defendant CITY OF DETROIT and/or its final policymaker.

19. To be part of the FIW Program, Defendant CITY OF DETROIT was required to adopt formal resolution by its governing body that it has established the required trust or escrow account to be used as prescribed by the relevant FIW Program statutes; evidence of that formal resolution is within the custody and control of either Defendant CITY OF DETROIT and/or the Michigan Insurance Commissioner.

20. This voluntary policy and/or practice of Defendant CITY OF DETROIT and/or its final policymaker is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

21. Specifically, Defendant CITY OF DETROIT made the affirmative, voluntary, and discretionary decision to participate in and operate under the FIW Program.

22. Through formal enactment of laws or regulations, wide-spread custom, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, Defendant CITY OF DETROIT has administered or has agreed to administer the FIW Program in an unconstitutional manner.

23. Accordingly, the actions at issue here were undertaken pursuant to an official governmental policy for purposes of *Monell*.

## CLASS ALLEGATIONS

24. This action is brought by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC, individually and as class representative, on behalf of all property owners from within the City of Detroit who (during the relevant statutorily-limited time period) were subject to the FIW Program which resulted in the temporary and/or permanent taking of seized insurance policy proceeds and the interest that generated or should have generated thereon.

25. This action is brought by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC, individually and as class representative on behalf of a proposed class consisting of all property owners from within the City of

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Detroit who (during the relevant statutorily-limited time period) were subject to the processes under the FIW Program which resulted in the temporary and/or permanent taking of seized insurance policy proceeds and the interest that generated or should have generated thereon.

26. The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

27. There are clear questions fact raised by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC's claims common to, and typical of, those raised by the Class it seeks to represent.

28. There are clear questions of law raised by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC's claims common to, and typical of, those raised by the Class it seeks to represent.

29. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

30. Plaintiff GOOD BUSINESS OR NO BUSINESS LLC, as Class representative, will fairly and adequately protect the interests of the Class

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

31. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or Defendant.

32. Defendant CITY OF DETROIT has, constituent with its policy and practices, acted, failed to act, and/or are continuing to act on grounds generally against Plaintiff GOOD BUSINESS OR NO BUSINESS LLC and all members of the Class in the same manner.

33. The violations of law and resulting harms alleged by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC are typical of the legal violations and harms suffered by all Class members.

34. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or Defendant CITY OF DETROIT.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT I**
**FIFTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983**
**(SEIZED INSURANCE POLICY PROCEEDS)**

35. The prior paragraphs are restated word for word herein.

36. This claim is being made against Defendant CITY OF DETROIT pursuant to 42 U.S.C. § 1983 and § 1988.

37. The Fifth Amendment, made applicable to Defendant CITY OF DETROIT via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking effectuated by Defendant CITY OF DETROIT.

38. In violation of the Fifth and Fourteenth Amendments to the United States Constitution, Defendant CITY OF DETROIT has taken Plaintiff's property interests, for public use without the payment of just compensation, in the form of seized insurance policy proceeds pursuant to FIW Program.

39. Just compensation under the Fifth Amendment requires the payment of interest that did or should have generated thereon. *Seaboard Air Line R. Co. v. United States*, 261 U.S. 299, 305-306 (1923); *Jacobs v. United States*, 290 U.S. 13, 17 (1933).

40. At the time of seizure and thereafter, Defendant CITY OF DETROIT has not paid just compensation; will not now pay just compensation; and/or does not intend to pay just compensation in the future.

9

41. Plaintiff GOOD BUSINESS OR NO BUSINESS LLC and the members of the Class have suffered damages.

### COUNT II
### FIFTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983
### (SEIZED GENERATED INTEREST)

42. The prior paragraphs are restated word for word herein.

43. This claim is being made against Defendant CITY OF DETROIT pursuant to 42 U.S.C. § 1983 and § 1988.

44. The Fifth Amendment, made applicable to Defendant CITY OF DETROIT via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendant CITY OF DETROIT.

45. In violation of the Fifth and Fourteenth Amendments to the United States Constitution, Defendant CITY OF DETROIT has taken and/or will take Plaintiff's property interests, for public use without the payment of just compensation, in the form of the time value of the money when holding and/or using seized insurance policy proceeds pursuant to FIW Program.

46. As to the time value of money on seized settlement proceeds, Defendant CITY OF DETROIT has not paid just compensation; will not now pay just compensation; and/or does not intend to pay just compensation in the future.

10

47.     Plaintiff GOOD BUSINESS OR NO BUSINESS LLC and the members of the Class have suffered damages.

## COUNT III
## INVERSE CONDEMNATION

48.     The prior paragraphs are restated word for word herein.

49.     Without using any direct condemnation processes, Defendant CITY OF DETROIT has taken and/or will take private property interests (as outlined in Counts I and II above), for public use without the payment of just compensation.

50.     In violation of Fifth Amendment and Article X, Section 2 of the Michigan Constitution, Defendant CITY OF DETROIT has taken or will take Plaintiff's private property interests (as outlined in Counts I and II), for public use without the payment of just compensation.

51.     Such is remediated via this claim of inverse condemnation.[1]

52.     Defendant CITY OF DETROIT has not paid just compensation; will not now pay just compensation; and/or does not intend to pay just compensation in the future

---

[1] See *Tamulion v. State Waterways Comm'n*, 50 Mich. App. 60 (1973) ("A taking of private property for a public use without the commencement of condemnation proceedings is known as an inverse condemnation. A victim of such a taking is entitled under the Michigan *and* United States Constitutions to just compensation for the value of the property taken.").

53. Plaintiff GOOD BUSINESS OR NO BUSINESS LLC and the members of the Class have suffered damages.

## JURY DEMAND

54. A jury is demanded for all triable issues.

## RELIEF REQUESTED

55. WHEREFORE, this Court is respectfully requested to—

   a. Certify this case as a class action after reasonable discovery;

   b. Award just compensation and/or damages (including even if only nominal, if applicable) in the amount determined to be entitled by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC and members of the certified class;

   c. Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott* entitled by Plaintiff GOOD BUSINESS OR NO BUSINESS LLC and members of the certified class;

   d. Enter an order for an award of attorney fees and expenses pursuant to all applicable laws, rules, or statutes, including Rule 23 and 42 U.S.C. § 1988; and

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

  e. Enter an order for all such other legal and equitable relief which the Court deems proper.

Date: February 2, 2025    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

GRONDA PLC
by MATTHEW E. GRONDA (P73693)
4800 Fashion Sq Blvd, Ste 200
Saginaw, MI 48604
(989) 233-1639
matt@matthewgronda.com

*Attorneys for Plaintiff and Proposed Class*