UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GOOD BUSINESS OR NO BUSINESS LLC and all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DETROIT,<br><br>    Defendant. | Case No. 25-10308<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING MICHIGAN ATTORNEY GENERAL'S MOTION TO INTERVENE [19]**

The City of Detroit is one of hundreds of municipalities that participate in Michigan's Fire Insurance Withholding Program ("FIW Program"). (*See* ECF No. 15, PageID.92.) The program, codified at Michigan Compiled Laws § 500.2227, was "designed to encourage property owners to use the proceeds of major fire insurance claims to rehabilitate or remove damaged buildings" by empowering cities to create "special escrow accounts to claim and hold" a portion of a property owner's "insurance awards" until the property is repaired or cleared. (ECF No. 15-12, PageID.157 (Detroit City Council Resolution adopting the program).) If the property owner fails to repair or clear their fire-damaged property, and the City ultimately incurs costs for undertaking such repair or demolition, it may use the funds held in escrow to reimburse itself. (*See id.*) If the property owner complies with local orders to demolish or remedy building code violations, the previously withheld insurance proceeds are returned. Mich. Comp. Laws § 500.2227(5).

Plaintiff Good Business or No Business LLC is a property owner whose fire insurance proceeds were withheld by Detroit pursuant to the FIW Program. (ECF No. 1.) It brings this suit to challenge that withholding as an unconstitutional "taking." (*See, e.g.*, *id.* at PageID.2.) After the case was certified to the attorney general as raising a constitutional challenge to the FIW Program (ECF No. 18), Michigan Attorney General Dana Nessel filed the instant motion to intervene in defense of the statute (ECF No. 19). The question presently before the Court is whether 28 U.S.C. § 2403(b) permits her to intervene.

## I.

On November 13, 2024, fire overtook a residential property—950 Mount Vernon in Detroit, Michigan—owned by Good Business. (*Id.* at PageID.3.) Sometime thereafter, City of Detroit inspectors visited the charred home, photographed it, deemed it unsafe, and recommended emergency demolition. (ECF No. 15-2, PageID.112–132; ECF No. 15-6, PageID.130, 131.) On November 18, the insurer covering 950 Mount Vernon notified the City that it would withhold 25% of the insurance payout due to Good Business in accordance with the FIW Program. (ECF No. 15-5, PageID.127–128.) The following day, November 19, the City ordered emergency demolition of the property and instructed Good Business to comply with the order or forfeit its withheld insurance funds. (*See* ECF No. 15-7, PageID.133–139.) Good Business allegedly failed to comply with this order (ECF No. 15, PageID.96–97), so the City itself scheduled and paid for demolition of the property.

(*Id.*) As such, the City remains in possession of Good Business' withheld insurance funds. (ECF No. 1, PageID.4.)

On February 2, 2025, Good Business filed this lawsuit against the City to secure return of its withheld funds. (ECF No. 1.) Good Business alleges, on behalf of itself and others similarly situated (*id.* at PageID.6), that the City violated the Takings Clause of the U.S. Constitution when it "seized" the plaintiff's insurance funds pursuant to the FIW Program (*id.* at PageID.9–11) and is therefore liable pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (*id.* at PageID.7).

On April 7, 2025, Good Business filed a motion requesting guidance on whether it was required to certify this case to the Michigan Attorney General pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1. (ECF No. 16.) After a status conference with the Court, the parties stipulated that the City would give notice to the attorney general. (ECF No. 17.) Good Business nevertheless maintained that its complaint "does not directly challenge the constitutionality of the statute." (*Id.*)

On June 4, 2025, Attorney General Dana Nessel timely filed a motion to exercise her right to intervene pursuant to 28 U.S.C. § 2403(b). (ECF No. 19.) The City of Detroit supports Nessel's intervention. (ECF No. 23.) Good Business opposes it. (ECF No. 21.) Given the adequate briefing, the Court considers the motion without further argument. *See* E.D. Mich. LR 7.1(f).

## II.

Good Business' argument against intervention is complex, but can be simplified as follows: the statute through which Nessel claims an unqualified right to intervene, 28 U.S.C. § 2403(b), only allows a *state* to intervene, and not its attorney general. (ECF No. 21, PageID.204.) So if Nessel is permitted to intervene under §2403(b), says Good Business, she would be merely acting as the state's legal representative, and that the state itself must be construed as the intervenor-defendant. (*Id.*) And because a state is not a "person" susceptible to suit under 42 U.S.C. § 1983, no claims can be made against it. (*Id.* at PageID.205–206.) With no possible claim against Michigan under § 1983, the state would only act as some sort of "roving non-party litigating amicus" to the case, seeking a mere advisory opinion. (*Id.* at PageID.206.) As such, Good Business concludes, there would be no actionable "case or controversy" between itself and the state, and thus this Court would lack Article III jurisdiction over the case. (*See, e.g.*, *id.* at PageID.205–206.)

Because Good Business' argument fails at its first step—§ 2403(b) *does* give Nessel an independent right to intervene—Nessel's motion to intervene (ECF No. 19) is GRANTED.

## A.

The Federal Rules of Civil Procedure provide two pathways by which a person or entity may "intervene" in a suit they are not otherwise party to: intervention of right and permissive intervention. Fed. R. Civ. P. 24(a)–(b). Nessel asserts an unqualified statutory right to intervene under 28 U.S.C. § 2403(b) (ECF No. 19,

4

PageID.178), so this Court will deal only with the provisions regarding intervention of right in Rule 24(a).

Recognizing the "importance of ensuring that States have a fair opportunity to defend their laws in federal court," Congress enacted § 2403(b) to facilitate intervention by states where cases pending in federal court challenge the constitutionality of the state's laws. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278 (2022). The statute reads, in relevant part:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(b).

Federal Rule of Civil Procedure 5.1(a)(1)(b) "implements" § 2403(b) by outlining the process through which state attorneys general are to receive notice of cases in which the right to intervene under § 2403(b) may apply. *See* Fed. R. Civ. P. 5.1, Advisory Committee's Note to 2006 Amendment ("Rule 5.1 implements 28 U.S.C. § 2403, replacing the final three sentences of Rule 24(c) . . . . The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene . . . ."). Once notice is provided pursuant to Rule 5.1(a)(1)(B), 28 U.S.C § 2403(b) mandates that a state seeking to defend the constitutionality of the challenged statue be permitted to intervene. 28 U.S.C § 2403(b) ("[T]he

court . . . *shall* permit the State to intervene . . . for argument on the question of constitutionality." (emphasis added)).

Once joined, an intervenor assumes "all the rights of a party and [is] subject to all liabilities of a party as to court costs." *Id.* It is true that in a § 1983 case like this, the state cannot be liable for money damages. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). A state's intervention pursuant to § 2403(b) does not change that. *Tennessee v. Garner*, 471 U.S. 1, 22 (1985) ("The State is a party only by virtue of 28 U.S.C. § 2403(b) and is not subject to liability [under § 1983]."). An intervening state, however, may still be liable for attorney's fees under § 1983. *Freed v. Thomas* ("*Freed*"), 137 F.4th 552, 558 (6th Cir. 2025) (holding that "neither sovereign immunity nor § 2403(b) prohibits a fee award" against a state intervenor).

### B.

As an initial matter, Good Business contests whether its claim necessarily "draws into question" the constitutionality of Michigan Compiled Laws § 500.2227(9)–(10) and thus whether § 2403(b) is applicable here. (*See* [Good Business response] (quoting 28 U.S.C. § 2403(b)).) Good Business asserts that it is not challenging the constitutionality of the FIW Program itself, but merely Detroit's "administration" of it. (*See, e.g.*, ECF No. 21, PageID.210–211.) But this Court already considered and effectively rejected this argument when it ordered Detroit to certify this case to the attorney general—an order to which both parties stipulated. (ECF No. 17, PageID.171.)

6

In any event, it bears repeating that Good Business' challenge to Detroit's so-called "administration" of the FIW Program is *necessarily* a challenge to the program itself. Good Business' claim is not that Detroit improperly administered the FIW Program but rather that it acted in accordance with it. (*See* ECF No. 1, PageID.9 (alleging the Detroit acted unlawfully "pursuant to" the FIW program).) Its complaint contains no claims that Detroit erroneously applied, failed to comply with, or otherwise departed from the FIW Program procedures established by the state. (*See generally* ECF No. 1.) It follows that it is the FIW Program that generated the supposedly unconstitutional conduct, not some independent action taken by Detroit. Accordingly, this lawsuit does "draw into question" the constitutionality of Michigan Compiled Laws § 500.2227 within the meaning of 28 U.S.C. § 2403(b).

## C.

Having concluded that § 2403(b) applies in this case, the Court must determine whether the statute permits the Attorney General to intervene herself, or if Good Business is right that "only the State, not the Attorney General, has been authorized to intervene pursuant to 28 U.S.C. § 2403(b)." (*See* ECF No. 21, PageID.212.)

This question is also easily answered: "Section 2403(b) has long been understood to 'authorize[] intervention by a state attorney general.'" *Lindke v. King*, 19-11905, 2024 WL 4520338, at \*2 (E.D. Mich. Oct. 17, 2024) (alteration in original) (quoting *Yniguez v. State of Arizona*, 939 F.2d 727, 730 (9th Cir. 1991)); *see also Oakland Fam. Rests., Inc. v. Am. Dairy Queen Corp.*, 21-12530, 2024 WL 473480, at \*1 (E.D. Mich. Jan. 10, 2025) ("28 U.S.C § 2403(b) gives the Attorney General the

unconditional right to intervene . . . ."); *Lowden v. Clare County*, No. 09-11209, 2011 WL 1304869, at *1 (E.D. Mich. April 6, 2011) (noting that the Michigan attorney general was permitted to intervene pursuant to § 2403(b) in a § 1983 case); *Merrill v. Addison*, 763 F.2d 80, 81–82 (2d. Cir. 1985) ("[W]e notified the Attorney General of the State of New York that the appeal [challenging the constitutionality of a state law in the § 1983 suit] was pending and granted him the opportunity to respond. . . . [the attorney general] sought permission to intervene as a party defendant, which was granted.").

Even the Supreme Court has said that 28 U.S.C. §2403(b) gives state attorneys general an independent right to intervene. Take *Arizonans for Official English v. Arizona*, 520 U.S. 43, 55 (1997), a 42 U.S.C. § 1983 case where Arizona's attorney general wanted to defend a state constitutional provision on appeal, but the governor did not. Although the state executive branch was split, the Court nevertheless found that the attorney general retained a right to intervene pursuant to § 2403(b). *See id.* at 74 ("[T]he [Arizona] Attorney General had, at a minimum, a right secured by Congress . . . to present argument on appeal 'on the question of constitutionality.'" (quoting 28 U.S.C § 2403(b))); *see also id.* (noting that the state attorney general had an "independent interest in defending" the law in question).

This reading of the statute is supported by the Advisory Committee notes to Federal Rule of Civil Procedure 5.1, which explain that Rule 5.1 was designed to, in part, "ensure that the attorney general . . . has an opportunity to exercise the

8

*statutory right* to intervene." *See* Advisory Committee Notes to 2006 Amendment, Fed. R. Civ. P. 5.1 (emphasis added)).

In sum, this Court must, like many others have, read 28 U.S.C. § 2403(b) to authorize intervention by Nessel.

## D.

Finding, as this Court does, that § 2403(b) creates an independent right to intervene by state attorneys general does not fully address Good Business' arguments. The more precise (and indeed more difficult, but likely irrelevant) question raised by Good Business is whether an attorney general who intervenes pursuant to § 2403(b) *necessarily* represents the state itself. (*See* ECF No. 21, PageID.204.) This question sounds less in statutory interpretation and more in state constitutional law: that is, does a state attorney general intervening under § 2403(b) *always* speak for the state? Good Business says yes and asks this Court to find the same. (*See id.*)

But the answer to that question belongs to the state itself. *See, e.g.*, *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663–64 (2019) ("'[A] State must be able to designate agents to represent it in federal court.' . . . [T]he choice belongs to [the state]."). As the Supreme Court has made clear, states enjoy broad discretion to decide which state officers or entities can, or cannot, represent the state in federal court:

> Generally, States themselves are immune from suit in federal court. . . . of course, a State will as a practical matter often retain a strong interest in [litigation that implicates the constitutionality of its laws]. To defend its practical interests, *the State may choose to mount a legal defense of the named official defendants and speak with a "single voice," often through an attorney general. Still, not every State has*

9

*structured itself this way*. Some have chosen to authorize multiple officials to defend their practical interests in cases like these.

*Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179, 184 (2022) (emphasis added) (citations omitted).

As such, the question of whether an attorney general intervening under § 2403(b) *must* be construed as "speaking" *on behalf of* the state is for the state to resolve in the first instance—not this Court. *See Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) ("[W]ary of determining an issue of Ohio constitutional and common law where unnecessary, we decline to wade into the debate regarding the parameters of the [state] Attorney General's litigation authority."); *see also Cameron*, 595 U.S. at 277 ("Respect for state sovereignty must also take into account the authority of a State to structure its executive branch in a way that empowers multiple officials to defend its sovereign interests in federal court."); *see also Berger*, 597 U.S. at 191–92 ("[federal courts should respect] a State's chosen means of diffusing its sovereign powers among various branches and officials . . . . This Court's teachings on these scores have been many, clear, and recent."). Put differently, state law determines which state officers have substantive authority to defend its laws in federal court—not federal procedural rules.

And under Michigan law, the attorney general is not only obligated to represent the State in any tribunal when "requested by the governor, or either branch of the legislature," but also personally empowered to defend a challenged statute "when in [her] *own judgment* the interests of the state require it" *see* Mich. Comp. Laws. § 14.28 (emphasis added))." And Nessel has determined here that the interests

10

of the state require defense of the FIW program. (*See, e.g.*, ECF No. 19, PageID.193, 195). Thus, Nessel will be allowed to intervene in her capacity as attorney general.

### III.

With Nessel construed as the proper intervenor-defendant, none of the convoluted Article III challenges raised by Good Business adhere. (*See id.* at PageID.204–205.)

Good Business raises a final, challenging legal question: Does "Section 2403(b) exceed Article III's limits by allowing intervention without a traditional injury-in-fact"? (*Id.* at PageID.207.) Good Business says that under *Transunion LLC v. Ramirez,* 594 U.S. 413 (2021), it does. (*Id.*); *see also TransUnion LLC,* 594 U.S. at 427 ("Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact.").

To be sure, the same argument could be made in reference to numerous statutes that may create a cause of action in the absence of an actual case or controversy. But the Sixth Circuit, having recently had opportunity to opine on the constitutionality of § 2403(b) in *Freed*, declined to do so. *See Freed*, 137 F.4th at 558–59 (interpreting whether a state intervening pursuant to §2403(b) in a § 1983 case could be liable for attorney's fees). The Supreme Court also had occasion to do so in *Cameron*, which came a year after *Transunion*, and also declined to do so. *See* 595 U.S. at 278.

As such, this Court sees no reason to do so either. Especially not where Good Business has failed to properly raise or brief a challenge to § 2403(b)'s constitutionality. *See, e.g.*, E.D. Mich. LR 9.1(b).

## IV.

For the foregoing reasons, Nessel's motion to intervene (ECF No. 19) is GRANTED.

IT IS SO ORDERED.

Dated: October 20, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
