UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOOD BUSINESS OR NO BUSINESS
LLC and all those similarly situated,

    Plaintiff,

v.

CITY OF DETROIT,

    Defendant.

Case No. 25-10308
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL [27]**

---

The Michigan Fire Insurance Withholding Program (Mich. Comp. Laws § 500.2227) is a state initiative designed to help localities, like Detroit, incentivize property owners to clear or restore damaged properties after fires. Specifically, the program empowers localities to seize and hold a portion of the property owner's fire insurance payout in a special escrow fund until the owner brings the burned property into compliance with local regulations. If the property owner fails to do so, and the locality is obligated to clear or restore the property itself, the law allows the locality to reimburse itself for any resulting costs using the owner's withheld insurance proceeds. (ECF No. 15-12, PageID.157 (Detroit City Council Resolution adopting the program).) Detroit is one of many municipalities participating in the program.

Plaintiff, Good Business or No Business, is a property owner whose insurance funds were withheld through the program. It claims this constituted an unconstitutional taking and sues the City of Detroit pursuant to 42 U.S.C. § 1983.

(ECF No. 1.) Michigan Attorney General Dana Nessel filed a motion to intervene in defense of the state's program pursuant to 28 U.S.C. § 2403(b) (ECF No. 19), which Plaintiff opposed (ECF No. 21), and the Court ultimately granted (ECF No. 24.).

Good Business believes that order was error and asks this Court to certify it for interlocutory appeal. (ECF No. 27.) But because interlocutory review of the issue would create unnecessary "protracted and expensive litigation" rather than avoid it, the motion is denied. *See Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 700 (6th Cir. 2015).

## I.

Generally, a party's right to appeal a district court order is limited to "final decisions." 28 U.S.C. § 1291. But a district court may permit a party to appeal a nonfinal order if the court is "of the opinion that such order involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that an immediate appeal from the order may [3] materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In simplified terms, interlocutory appeal may be appropriate where it "bring[s] [a] lawsuit to a close materially sooner than an appeal from a final judgment." *See In re Somberg*, 31 F.4th 1006, 1007 (6th Cir. 2022). The moving party bears the burden of satisfying each requirement of § 1292(b). *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022). And the district court must "expressly find in writing that all three § 1292(b) requirements are met." *Id.* (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). This decision is "left to the sound discretion of the district court." *Massarello v. Power*

*Home Remodeling Grp., LLC*, 809 F. Supp. 3d 711, 714 (E.D. Mich. 2025) (citing *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002)).

"Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also In re Flint Water Cases*, 627 F. Supp. at 737 ("interlocutory appeals are a disfavored tool, appropriate only where the quick resolution of a clean question of law could meaningfully speed up the litigation.") This is not one of those rare and exceptional cases. The issue of whether the Attorney General's intervention was proper is neither controlling in the matter, nor would its resolution materially advance the case.

**A.**

A controlling question of law is one that, if resolved, "could materially affect the *outcome* of the case." *Wallace v. McCauley*, 742 F. Supp. 3d 766, 768 (E.D. Mich. 2024) (emphasis added) (citing *In re City of Memphis*, 293 F.3d at 351). And the Court's decision to let the Attorney General intervene is simply not one that "materially affects" the outcome of the case. The City of Detroit and Attorney General have virtually identical positions regarding the constitutionality of the Fire Insurance Program. Indeed, the City of Detroit simply filed a 3-page concurrence with the Motion to Dismiss filed by the Attorney General, in lieu of filing a motion of its own. (ECF No. 36.)

So while the Attorney General, as an intervenor, may provide additional briefing in defense of the program, neither the Court nor the parties anticipate that

3

the Attorney General will provide substantively different arguments. In practical terms, then, the Court's decision to permit the Attorney General's intervention did not change the arguments made in response to Good Business' claims, but merely who wrote them. Thus, the propriety of the Attorney General's intervention does not "materially alter" the outcome of the case and is therefore not a "controlling" question of law. *See Wallace*, 742 F. Supp. at 768.

### B.

Good Business tries to skirt this relatively straightforward conclusion by framing the issue in terms of standing. (ECF No. 27, PageID.256.) Because the Attorney General lacks standing to intervene in the case, says Good Business, this Court has run afoul of that constitutional minimum by nevertheless permitting Attorney General Nessel to join. (*See id.*) And that, it says, makes every subsequent action in this case improper. (*See* ECF No. 27, PageID.257, 260.) So in Good Business's view, the standing deficiency allegedly created by the Attorney General's intervention *is* material to the outcome of the case.

Set aside that this merely re-states the argument the Court already rejected in its order granting intervention. (ECF No. 24, PageID.246–247.) Good Business fundamentally misconstrues the stakes of its argument. Under this Circuit's current law, an intervenor, like the Attorney General, does not need Article III standing where the plaintiff has it. *Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 487–88 (6th Cir. 2014); *see also Jonna v. Bitcoin Latinum*, No. 23-1441, 2023 U.S. App. LEXIS

4

20750, at *24 n.4 (6th Cir. Aug. 9, 2023). And no party disputes that Good Business has standing to sue the City of Detroit.

So even if Good Business is right that the intervening Attorney General both needs and lacks Article III standing (two claims of which the Court is doubtful), the Court would nevertheless retain jurisdiction to adjudicate the case between Good Business and the City. The case would proceed with or without the Attorney General. And as noted above, the merits arguments made in the case would likely be the same. Thus, interlocutory appeal would unnecessarily expend judicial resources rather than save them. *See, e.g.*, *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012) ("An interlocutory appeal materially advances the litigation when it 'save[s] judicial resources and litigant expense.'"). So interlocutory appeal would also fail to "materially advance" the case.

## C.

Good Business is right that this intervention issue implicates some thorny questions of law that the Sixth Circuit has hinted it might address in the future. *See, e.g.* (ECF No. 24, PageID.246 (noting that the Sixth Circuit had occasion to address "the constitutionality of § 2403(b)" in the recent *Freed* case but declined to do so)); *see also Jonna*, 2023 U.S. App. LEXIS 20750, at *24 n.4 (acknowledging that Circuit law holding the intervenors do not need Article III standing of their own may be in doubt, but declining to address the issue)). But although the Sixth Circuit may revisit its *existing* doctrine on intervenor standing, the current formulation is settled. *See In re Miedzianowksi*, 735, F.3d 383, 384 (6th Cir. 2013) (denying interlocutory review

where a circuit split exists but "governing precedent in *this circuit* that settles the issue at hand") (emphasis added). And further still, "not every difficult or important case is appropriate for an interlocutory appeal." *In re Flint Water Cases*, 627 F. Supp. at 737.

To the extent Good Business would like to use this case as a vehicle to raise challenges to the validity of the Sixth Circuit's intervenor-standing doctrine, or whether § 2403(b) runs afoul of *Transunion LLC v. Ramirez,* 594 U.S. 413 (2021), it can do so in one appeal at the end of the case, after the Court enters final judgment. *See, e.g.*, *Aldridge v. Stone Cnty. Hosp., Inc.*, 161 F.4th 257, 262 (5th Cir. Dec. 4, 2025) ("[because] ordinarily, a grant of intervention is only one step along the path to reaching a final judgment on the intervenor's claim . . . 'the grant of intervention is most appropriately and efficiently appealed along with any final judgment rendered on the intervenor's claims'") (citing *Newby v. Enron Corp.*, 443 F.3d 416, 420 (5th Cir. 2006))

## II.

For these reasons, Good Business' Motion to Certify Order Interloctuory Appeal (ECF No. 27) is DENIED.

Dated: June 1, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE